# UNITED STATES DISTRICT COURT

## FOR THE

## SOUTHERN DISTRICT OF FLORIDA

Case No:_____CV/CR

(Judge's Last Name/Magistrate's  Last Name)

Case No.:

Joel A. Horta Suarez;

(Plaintiff)

Vs.

Multiple Parties;

(Defendants)

Jury Trial: (check one) _X__Yes ____No

# COMPLAINT IN ACTION FOR RELIEF FROM EMPLOYMENT DISCRIMINATION UNDER US CIVIL RIGHTS ACT AND LAWS (42 U.S.C.).

Complaint in Action for Relief from Employment Discrimination under US Civil

Rights Act and Laws (42 U.S.C.); against Multiple Parties.

## *Joel A. Horta Vs Several Parties in Employment Discrimination Action.*

1) *IBM. Joel A. Horta Vs IBM Employment Discrimination.*

2) *UM. Joel A. Horta Vs University of Miami (UM).*

3) *Bloomberg Inc; Bloomberg LP. Joel A. Horta Vs Bloomberg Inc, Bloomberg LP.*

4) *Capital One. Joel A. Horta Vs Capital One.*

5) *Twitter. Joel A. Horta Vs Twitter.*

6) *EFinancialCareers. Joel A. Horta Vs EFinancialCareers.*

7) *Job Search Digest. Joel A. Horta Vs Job Search Digest.*

8) *The Ladders. Joel A. Horta Vs The Ladders (https://www.theladders.com/).*

9) *BTIG. Joel A. Horta Vs BTIG.*

10) *JP Morgan Chase. Joel A. Horta Vs JP Morgan Chase.*

11) *Bank Of America. Joel A. Horta Vs Bank of America. (Several Requests for credit and loan Products, Prime brokerage, and Securities Services Denied). Back in 2018 again, Application for employment to Bank of America without success.*

12) *Morgan Stanley. Joel A. Horta Vs Morgan Stanley.*

13) *Goldman Sachs. Joel A. Horta Vs Goldman Sachs.*

14) *Credit Suisse. Joel A. Horta Vs Credit Suisse.*

15)      *UBS. Joel A. Horta Vs UBS.*

16)      *Citibank, Citigroup. Joel A. Horta Vs Citigroup.*

17)      **Joel A. Horta Vs United States USAJOBS.**

**(https://www.usajobs.gov/). USAJOBS is a Opens in a United States Office**

**of Personnel Management website.**

18)      *Jackson Health System. Joel A. Horta Vs Jackson Health System.*

19)      *Baptist Health. Joel a. Horta Vs Baptist Health.*

*(https://baptisthealth.net/en/about-baptist-health#).*

20)      *LinkedIn. Joel A. Horta Vs LinkedIn. Applications to several Companies*

*via the Company Job Search Engine; But also Applications to the Company*

*Itself. The Job Selection Process of the Company as to My Employment*

*Applications Not Subject to a Clear Analysis. 42 US Code.*

21)      *Indeed. Joel A. Horta Vs Indeed.*

22)      *Many Other Finance Careers Specific Job Search Engines, such as Day*

*Traders jobs, and others.*

23)      **Applications for Employment Were Submitted Also to Berkshire**

**Hathaway around 2016--2017 without answers. Several Others Parties**

**Such as Boston Consulting Groups, and Many Other Financial  and**

**technology Companies During 2017 Year.**

24)     *Between 2014 and 2018 Also completed Employment Applications with AT&T. As well as Business Services Proposals without Success.*

25)     *From 2016 to 2018. Completed Several Employment Applications via ProJobNetwork job engine: <support+alerts@projobnetwork.com>. ProJobNetwork. 10451 Twin Rivers Rd #279. Columbia, MD 21044*

26)     ***ACLU. 12/26/2017. Direct Request for Assistance with Legal Coverage and Therefore Constitutional Rights Without Success. Specifically in 2017 Visited ACLU Boston Office Personally. No Success.***

27)     *Boston Public Library. 10/20/2017. Joel A. Horta Vs Boston Public Library.*

28)     *CME Group. Joel A. Horta Vs CME Group.*

29)     *Nasdaq. Joel A. Horta Vs Nasdaq.*

30)     *Amazon. Joel A. Horta Vs Amazon.*

31)     *YouTube. Joel A. Horta Vs YouTube. (Around 2016−2017).*

32)     *Google. Joel A. Horta Vs Google.*

33)     *Facebook. Joel A. Horta Vs Facebook.*

34)     *Boston Medical Center (BMC). Joel A. Horta Vs BMC. (2017).*

35)     *Boston University (BU) School of Medicine. (Security Officer Incident; Suspect Discrimination). (2017). Several Applications From Research technician, to Dental Medicine School Sterilization Assistant, to Grant Manager, to Programmer Analyst, Web Developer... and So On.*

36)     *Harvard University. Computer Science College. (2017). Probably HU School of Medicine as Well.*

37)     *From 2017 to 2018 Submitted Several Jobs Applications through AngelList Website to several startups Companies.*

38)     *New York-Presbyterian, NYP Columbia Ambulatory Care Network. 12/26/2017. Via*

        *https://nyp.icims.com/icims2/?r=A5A8611701&contactId=7747320&pid=17 &hashed=1111584268*

39)     *Mayo Clinic. Clinical Research Coordinator 92520BR. On 01/22/2018.*

40)     *2018. After Returning from Boston, MA, Submitted Several Employment Applications to Several Companies in Orlando Florida. They Include Many Retailers in Fashion and Malls, Some Healthcare Organizations, and Hospitality and Disney Companies. **Also, Applications***

*were Submitted to International Parties Such as IMF, and Bank of*

*Switzerland.*

41)    *NYU School of Medicine. (2018).*

42)    *ITG (Investment Technology Group). (2018). Joel A. Horta Vs ITG.*

43)    *Dow Jones (Via*

*https://newscorp.icims.com/icims2/?r=F328607680&contactId=1890863&p*

*id=77&hashed=1111584084 Website). 02/07/2018.*

44)    *New York Public Library. Joel A. Horta Vs New York Public Library.*

*04/07/2018. Application Via*

*https://nypl.icims.com/icims2/servlet/icims2?module=Root&action=remove*

*Email&key=1CE8275548&contactId=2350308&pid=17&hashed=-470855857*

*Website. Various Applications.*

45)    *Sofi. Joel A. Horta Vs Sofi. (Less Mature Case; An Startup and*

*Competitor). 02/10/2018.*

*https://app.jobvite.com/admin/info/linkExpired.html?urlEId=9b56b81656ef*

*41b48652bdec2aebca6d7e9a7e2aefce1d0e64179cb59b1c360a*

*https://app.jobvite.com/admin/info/linkExpired.html?urlEId=f6722aef1eee*

*2b36876bb5fec6f319397e9a7e2aefce1d0e64179cb59b1c360a*

*https://app.jobvite.com/login/jvlogin.aspx?ReturnUrl=https%3a%2f%2fapp.*

*jobvite.com%2fProfile%2fPreferences.aspx*

46) *Stack Overflow. Joel A. Horta Vs Stack Overflow. 02/20/2018.*

47) *Walmart. Joel A. Horta Vs Walmart. 02/20/2018.*

48) *Target. Joel A. Horta Vs Target. 03/2018.*

49) *Swisscom and Other International Companies mostly Via Xing Website. 02/20/2018.*

50) *New York Times. Joel A. Horta Vs The New York Times. (2018)*

51) *Condé Nast (Vogue). Joel A. Horta Vs Condé Nast (Vogue). Various Applications on and around 04/06/2018.*

52) *2018. Submitted Several (And I Really Mean Several, Hundreds of them) Employment Applications to Several Companies in New York. I Used Glassdoor Employment Search Engine, LinkedIn, Dice, Startup New York, Built in NYC, CareerBuilder, Zip recruiter, and Other New York State Specific Job Search Engines. They Include Many Retailers in Fashion and Malls, Some Healthcare Organizations, and Technology and Financial Companies. Among them Capital One, Wells Fargo (Although Subject to Some Completion Requirements), and Bank of America.*

53)     **TECH RELATED COMPANIES.**

54)     *Microsoft. Joel A. Horta Vs Microsoft.*

55)     *HP. Joel A. Horta Vs HP.*

56)     *Instagram. Joel A. Vs Instagram.*

57)     *Monster. Joel A. Horta Vs Monster.*

58)     *Starbucks. Joel A. Horta Vs Starbucks. 01/17/2018. The One located at MALL OF MILLENIA, in Orlando Florida. On 01/17/2018. But There might be other Applications Online to the company. But Maybe a Lighter case.*

59)     *Wells Fargo. Joel A. Horta Vs Wells Fargo. 01/17/2018. Job Opening: 5372865-Equity Research Associate Analyst*

60)     **Around 2017 to 2018 Trulia and Airbnb are Other Companies which were Reached for Jobs Applications or Business Proposals.**

61)     *Glassdoor. Joel A. Horta Vs Glassdoor. (2018). Applications to several Companies via the Company Job Search Engine; But also Applications to the Company Itself. The Job Selection Process of the Company as to My Employment Applications Not Subject to a Clear Analysis. 42 US Code.*

62)     *.*

## I.  *Certification and Closing.* OATH:

Under penalties of perjury if this Supplemental Document is found to be frivolous or made in bad faith, I certify that I understand the contents of the foregoing Document, that the facts contained in the document are true and correct, and that I have a reasonable belief that the document is timely filed. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this document: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the document otherwise complies with the requirements of Rule 11.

I certify that this document does not duplicate previous documents that have been disposed of by the court. I further certify that I understand English and have read the foregoing document.

## A. *Signature of Attorney or unrepresented party.*

*I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.*

Date:     09/09/2021

Signature of Attorney or unrepresented party

Joel A. Horta Suarez

(Printed Name)

POBOX 145055. Miami, Florida.

33134.

(Address)

hortasuarezjoela@gmail.com

(E-mail Address)

786-530-2082.

(Telephone Number)

**PLAINTIFF'S CASE INITIATION**

**Name:** ___ Joel A. Horta Suarez

**Address:** POBOX 145055. Miami FL. 33134

**Telephone Number:** 786-530-2086

**Email Adress:** hortasuarezjoela@gmail.com

**Signature:**


# COMPLAINT IN ACTION FOR RELIEF FROM EMPLOYMENT DISCRIMINATION UNDER US CIVIL RIGHTS ACT AND LAWS (42 U.S.C.).


**The Parties to This Complaint:**

**1. Petitioner, Plaintiff:**

**Name:** Joel A. Horta Suarez.

**Address:** POBOX 145055. Miami, FL, 33134. Plaintiff in this action.

**City and County:** Miami, Dade County.

**State and Zip Code:** Florida. 33134.

**Telephone Number:** 786-530-2082.

**Email Address:** hortasuarezjoela@gmail.com.

## 2. Defendants:

This in an action for Extraordinary Relief from Employment Discrimination in a Complex Setting involving Multiples Parties that have unduly interfered with Petitioner's State and Federal Constitutional Rights, State and Federal Law Protections and Guarantees, Conducive of Economic and Financial Harms, undue Taking of Property, and Social and Financial Disability and risking Harm beyond Reparation; under US Civil Rights Act and 42 U.S.C..

Petitioner includes with the initial petition, pleading, or complaint, a list of Parties in fact, or prospective parties to the action. Therefore, no parties are named in the following sections of this document.

### Defendant 1:

**Name:**

**Local Address:**

**City and County:**

**State and Zip Code:**

**Telephone Number:**

**Email Adress:**

**Website (Local):**

**Website (Main):**

### Defendant 2:

**Name:**

**Address:**

**City and County:**

**State and Zip Code:**

**Telephone Number:**

**Email Adress:**

**Website:**

**Website:**

**Website:**

**Defendant 3:**

**Name:**

**Local Address:**

**City and County:**

**State and Zip Code:**

**Main Corporate Address:**

**City and County:**

**State and Zip Code:**

**Telephone Number:**

**Email Adress:**

**Website (Local):**

**Website (Main):**


**Defendant 4:**

**Name:**

**Address:**

**City and County:**

**State and Zip Code:**

**Telephone Number:**

**Email Adress:**


**Defendant 5:**

**3.  Place of Employment.**

(3.1) Since the action claims relate to discriminatory practices in the hiring

process (failure to hire); additionally, the explanation above as to the numbers of

parties, Petitioner will not include a place of employment in this Petition.

**4.  Basis for Jurisdiction:** Federal courts are courts of limited jurisdiction

(limited power). Generally, only two types of cases can be heard in federal

court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

**What is the basis for federal court jurisdiction? (Check all that apply)**

__X__ Federal question.

_____ Diversity of citizenship.

**A)- If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case:

**This action is brought for discrimination in employment pursuant to (check all that apply):**

__X__ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

__X__   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

_____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

_____ Other federal law (specify the federal law):

_____ Relevant state law (specify, if known):

_____ Relevant city or county law (specify, if known):

_____ .

B)- **If the Basis for Jurisdiction Is Diversity of Citizenship:**

 (I)    **Petitioner(s), Plaintiff(s):**

A)  If the plaintiff is an individual: Petitioner Joel A. Horta is a citizen of the US State of Florida.

B)  If the plaintiff is a corporation: N/A.

(II)    **Defendants:**

 **(A)Defendant 1:**

A)  If the defendant is an individual:

B)  If the defendant is a corporation:

C) Other:

D) ...

**(B) Defendant 2:**

A) If the defendant is an individual:

B) If the Defendant is a Corporation:

C) Other:

D) ...

**(C) Defendant 3:**

A) If the defendant is an individual:

B) If the Defendant is Corporation:

C) Other:

D) ...

**(D) Defendant 4:**

A) If the Defendant is an individual:

B) If the Defendant is a Corporation:

C) Other:

D) ...

**(E).**


**(III)  Jurisdiction:**

a) Jurisdiction is conferred upon the US District Court SDFL (Southern District

of Florida equivalent to: SDFL), under 28 U.S. Code § 1331 - Federal

question.

b) 42 U.S. Code § 2000e–5 - Enforcement provisions; (f)(3).

c) 28 U.S. Code § 1343 - Civil rights and elective franchise.

d) 28 U.S. Code § 1369 - Multiparty, multi-forum jurisdiction.

e) Jurisdiction is conferred upon the US District Court SDFL under the Florida Constitution by Article I sections 2, 4, 6, 9, 12, and 16.

f) Jurisdiction is conferred upon the US Court SDFL under 28 U.S. Code § 2201 - Creation of remedy; 28 U.S. Code § 2202.Further relief; and Florida Statutes Title VI section 86.011 Jurisdiction of trial court, and 86.061 Supplemental relief; to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed; on the existence, or nonexistence of: (1) Of any immunity, power, privilege, or right; or (2) Of any act upon which the existence or nonexistence of such immunity, power, privilege, or right does or may exist. Claims under the US and Florida State Constitutions and laws are maintained meriting request for expedited consideration. And also, to grant further and necessary relief based on a declaratory judgment when proper.

g) Jurisdiction is conferred upon the US District Court Southern District of Florida, under the Fourth Amendment, since actions amounting to undue seizure of property, and life, may reasonably involve the jurisdictional

powers of the Court for the issuance of writs of mandamus and quo warranto to US officers and Agencies, for execution and enforcement of US Constitution guarantees and Federal Laws.

h) Jurisdiction is conferred upon the US District Court SDFL, under the Eighth Amendment, since actions amounting to excessive fines, prohibited under the mentioned constitutional and law provisions, may reasonably involve the jurisdictional powers of the Court for the issuance of writs of mandamus and quo warranto to US officers and Agencies, for the execution and enforcement of US Constitution guarantees and Federal Laws to relief a party from undue treatment.

i) Jurisdiction is conferred upon the US District Court SDFL since among the claims asserted are included undue constraints to liberty and constitutional guarantees, economic harms and potential disability, amounting to constructive entrapment, and undue seizure of property and life. The action may reasonably invoke the US District Court SDFL Jurisdictional powers in the declaration and adjudication of rights sounding in equivalence with the issuance of writs of habeas corpus returnable before the Court or any justice, or any judge thereof.

j)  .

**(IV)   The Amount in Controversy:** $8,500,000.00.

This is an action under US Employment Discrimination Laws and Civil Rights Laws.

**Directly quantifiable claims for damages against all the parties jointly liable to the action, under 42 U.S. Code § 1981a-Damages in cases of intentional discrimination in employment include:**

(i)   $2,000,000.00: Earning losses due to the discriminatory employment practices; taking averages of expected salaries during years within injury period.

(ii)   $1,000,000.00: Compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries such as disability, harm to social consortium and reputation, homelessness; and

(iii)   $5,500,000.00: Punitive damages.

In relation with Defendants' actions with total disregard to equal employment opportunity practices, intentional discrimination, or actions causing disparate impact Plaintiff alleges that proper attention should be given to the nature of activities and the presence of multiple parties.

**Indirect claims for damages include:**

(i)    Personal Injury and Disability no matter how temporary, facilitated by all of the actions pleaded or that will be pleaded; condition precedent.

(ii)   Undue constraint in individual liberty and constitutional guarantees under Florida and US Constitutions and Laws.

(iii)  Mental Pain and Emotional and Financial Distress.

(iv)   Homelessness.

(v)    Abridgement of Intellectual Expectations.

(vi)   Loss of enjoyment of life.

(vii)  Harms to Family prospects ending in divorce. Harm to others forms of social consortium such as friendships.

(viii) Harms to reputation.

Further proceedings, associated or related to this action, and eventually even independent pending litigation by plaintiff, will show a complex pattern of numerous parties, private corporate and public officials, engrained behind Constitutional wrongs, Disabling Injuries, Criminal Wrongs, and Complex Torts, leading to major personal and economics injuries.

**(V)    Statement of Claim:**

(1) Joel A. Horta Suarez, Plaintiff and Petitioner, in this action for relief from employment discrimination practices against multiple parties, under Florida and US Constitution and Civil Rights Laws; alleges as facts presented for obtaining the requested relief, necessary to understand the issue presented by the action, and the transactions from which relief is requested as follows:

(i) Joel A Horta Suarez, Plaintiff in this action, has engaged in several attempts for establishing commercial, business and employment relationships with the multiple parties named as defendants in this action.

(ii) From year 2011 to 2018, Joel A. Horta, plaintiff, submitted several applications for employment to each of the multiple parties named as Defendants to this action. Some of the applications were submitted directly on the Defendants' (multiple parties) website for entry-level or mid-level positions in Software Development, Quantitative Finance Trade and Sales or Research, Portfolio Management, Healthcare Research, Business Development Officer positions. Other Job Search Engine Platforms were also used, mostly LinkedIn, E-Financial Careers, Dice, Glassdoor, Monster, Hedge Fund Jobs, The Ladder, Indeed, Zip-Recruiter, Career-Builder, Angel-List, USA-Jobs. Plaintiff, in some occasions, received email confirmations

regarding the jobs' application process; from companies to where the

employment applications had been submitted; some of them stating the

rejection notice. Although at this point data from the applications via the

companies' websites or the mentioned job application engines such as

LinkedIn is not available, it can be made readily available by the exercise of

due proceedings and the court jurisdictional powers exercise in obtaining

discovery of electronically stored information.

(iii)   Taking in consideration the facts alleged by plaintiff, the number of

defendants parties, again included in an attached list to the complaint, and

the fact of several applications submitted to each of the parties in most

cases; a prima facie case of employment discrimination can be established;

in the plaintiff's case with immigrant (Cuban) origin, and black race.

(iv)   The elements of the decision-making process of the whole group of the

several Defendants included in attached list, as for determination of their

employment practices and process analysis, in plaintiff's case under a

rational basis test, intermediate scrutiny test, and under a strict scrutiny

test and narrow tailored construction, are either prima facie evidence of

intentional discrimination, actions with reckless disregard for equal

employment opportunities laws, otherwise no allegations by Defendants

can proof that their employment practices or process, did not or do not

produce disparate impact to Plaintiff; Disparate Impact established. There

is no rational statement of facts that can demonstrate that Defendants, as

applied to this case, did not discriminate against plaintiff, or that their

actions related to employment practices, did not cause disparate impact on

Plaintiff.

(v)     The actions or omissions of Defendants to this action are in clear

connection with plaintiff, and are prima facie showing of unfair, intentional

discriminatory, or disparate impact effect practices in the course of

employment; and a direct cause of plaintiff injuries.

(vi)    The actions of the several Defendants to this action violate US Civil Rights

Laws: 42 U.S.C. sections: 1981.Equal rights under the law; 2000e–2 -

Unlawful employment practices; 2000e–3. Other unlawful employment

practices; 2000e–5 - Enforcement provisions.

(vii)   The actions of the several Defendants parties to this action in clear

connection with plaintiff violate Florida State Constitution Article I sections

2, 4, 6, 9, and 16.

(viii)  As a direct result of the several Defendants to this action unlawful

employment practices, declared unlawful because of its disparate impact

42 U.S.C. 1981a, Plaintiff has suffered economic injuries, loss of earnings,

mental anguish, loss of dignity, loss of enjoyment of life, loss of professional

expectations, and other intangible injuries.

(ix)   As a direct result of the several Defendants to this action unlawful

employment practices, discriminatory actions, or actions causing disparate

impact on relation to employment practices, Plaintiff has been injured

under US Constitution and Civil Rights Laws, and under Florida State Civil

Rights laws and other constitutional protections, as alleged in this

document.

(VI)   **Relief:**

(i)   Therefore, Plaintiff request: Declaratory Relief, Statutory, Compensatory,

and Supplemental Relief in this action for relief from employment

discrimination or actions causing disparate impact as they relate to

employment practices, under the following provisions:

(A)**42 U.S.C. 1981. Equal rights under the law.**

(B)**42 U.S.C. 1981a. Damages in cases of intentional discrimination in**

**employment. And**

**(C) 2000e–2 - Unlawful employment practices; (a), (h), (k).**

(D) Plaintiff also claims Punitive damages for statutory violations and constitutional Torts of interference with fundamental and constitutional guarantees.

(E) ...

(ii)    Plaintiff also requests Declaratory Relief, and further statutory or other proper relief where available, jointly against the several Defendants to this action, included in attached list to this Complaint under the following provisions:

**(A) 42 U.S. Code 1981. Equal rights under the law.**

**(B) 42 U.S. Code 1982. Property rights of citizens.**

**(C) 42 U.S. Code 1983. Civil action for deprivation of rights.**

**(D) 42 U.S. Code § 1985. Conspiracy to interfere with civil rights.**

**(E) US Constitution Amendments IV (Actions amounting to undue seizures); Amendment V (Action amounting to Deprivation of Property and Rights without Due Process); Amendment IX; and Amendment XIX (Equal Protections of the Laws).**

(F) And where proper 18 U.S. Code 241. Conspiracy against rights; 18 U.S. Code 242. Deprivation of rights under color of law; 18 U.S. Code 245. Federally protected activities.

(iii)   Plaintiff demands relief, as alleged in Items (.i) and (ii) above, to remedy these illegal acts and requests that the Honorable US District Court for Southern District of Florida issue available and due process for remediation of Plaintiff rights in this action for relief from Employment Discrimination Laws under US Civil Rights; in line with the US Civil Rights Laws and constitutional provisions stated above.

(iv)   Plaintiff request to the Court for SDFL to adjudge and decree Defendants' conduct liable under US Constitution, and Civil Rights Laws as they relate to Employment Practices, under the legal theories discussed in paragraphs above and in line with Statutory Violations, and actions contrary to Florida State and US Constitutional protections and Civil Rights Laws and defeating the purpose of the Equal Employment Opportunity Laws and US Civil Rights Laws.

(v)   Petitioner requests that the honorable US District Court SDFL Enjoin Defendants from continuing to engage in Discriminatory, Tortious, Negligent, and Actions causing Disparate Impact as they relate to

Employment Practices; and also actions contrary to US Civil Rights Laws and Constitutional provisions alleged above.

(vi)    Plaintiff also requests that the US District Court SDFL enjoin Defendants in this action from engaging in any other practices with the same purpose and effect as the challenged practices.

(vii)   Petitioner requests to the US District Court SDFL to issue Writ of Mandamus and Injunctive Preliminary and Permanent Remedies when proper, to remedy harm incurred due to their unlawful or wrongful conduct in relation with Defendants to this action challenged Employment Practices, so to avoid further harm, and restitute Petitioner's interests under US Laws and Constitution.

(viii)  Plaintiff applies to the US District Court SDFL for Prejudgment Relief in this action for relief from Employment Discrimination practices, against Several Defendants, in an amount of $250,000.00. To remedy Petitioner current emergency situation facing financial distress, homelessness, and continuing risks of irreparable injury.

(ix)    Plaintiff requests relief for a sum certain as explained in Section (IV) The Amount in Controversy above for: $8,500,000.00.

(x)     Plaintiff requests relief in the form of Punitive damages for statutory violations and constitutional Torts of interference with fundamental and constitutional guarantees; and any other proper relief this Court considers adequate jointly against the Several Defendants to this action for relief from Employment Discrimination practices due to loss of enjoyment of life, abridgement of intellectual expectations, mental anguish, loss of dignity, and other intangible injuries. Defendants' actions clearly and convincingly show either Intentional or Plainly Discriminatory practices or conduct, in relation with their Employment Practices; actions in total disregard or reckless disregard of Equal Employment Opportunity Laws and US Civil Rights Laws and mentioned US Constitution provisions; or Actions causing Disparate Impact; with direct link to economic harms, and harms to plaintiff's interests, business, life, and plaintiff's fundamental rights.

(xi)    Plaintiff request to the US District Court SDFL for a Certification of Emergency due to Plaintiff current distress, financial hardship, and homelessness.

(xii)   Plaintiff demands damages due to Personal Injury and Disability no matter how temporary, facilitated by all of the actions pleaded; condition precedent.

(xiii)   Plaintiff requests compensation for reasonable costs associated with the prosecution of the action.

(xiv)   Plaintiff seeks reasonable attorney's fees.

(xv)   Petitioner also requests all other relief, preliminary, injunctive, declaratory, that this honorable Court considers is just and proper and that aggrieved Plaintiff is entitled to.

1.   Petitioner, in line with this action being related and ancillary to other pending actions and claims for relief attempted to be set out in related cases, applies to this honorable court for a certification of complex litigation since the action is likely to involve complicated legal or case management issues such as: (1) legal issues that are inextricably intertwined; (2) coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court; (3) management at trial of a large number of parties, experts, attorneys, or exhibits; (4) other analytical factors identified by the court or a party that tend to complicate comparable actions and which are likely to arise in the context of the action; and (5) among the latter pending litigation against numerous parties due to Violation of US Antitrust Laws. Ultimately the action may require extensive judicial management to expedite the action, keep costs reasonable, or promote judicial efficiency.

(VII)   Based on the foregoing facts, authorities and legal constructions and interpretations, Plaintiff, Joel A. Horta Suarez, respectfully submits that relief shall be granted for the proper dispositions of claims asserted and serve the interest of justice. Joel A. Horta Suarez also requests to this honorable Court US District Court SDFL to be restituted in his rights, property and interests as asserted.

**(VIII)   Certification and Closing.** OATH :

Under penalties of perjury if this motion is found to be frivolous or made in bad faith, I certify that I understand the contents of the foregoing motion, that the facts contained in the motion are true and correct, and that I have a reasonable belief that the motion is timely filed. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this petition: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I certify that this motion does not duplicate previous motions that have been disposed of by the court. I further certify that I understand English and have read the foregoing motion.

**A. Signature of Attorney or unrepresented party.**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: ___09/09/2021___   Signature of Attorney or self-represented party

Joel A. Horta Suarez. (Printed Name)

POBOX 145055.

Miami, Florida. 33134.

(Address)

hortasuarezjoela@gmail.com

(E-mail Address)

786-530-2082

(Telephone Number)